IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH MCFADDEN, SR.                           \*

                                                                                            \*

v.                                                                                   \*           Civil Case No. GLR-17-355

                                                                                                \*

COMMISSIONER, SOCIAL SECURITY         \*

                                                                                            \*

                                                                             \*\*\*\*\*\*\*\*\*\*\*\*\*

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the Commissioner's dispositive motion, (ECF No. 13), and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). Plaintiff Joseph McFadden, Sr., who is appearing *pro se,* did not file a motion for summary judgment, but filed a response to the Commissioner's Motion for Summary Judgment asking for a hearing. [ECF No. 15]. I advised Mr. McFadden, by letter, that no hearing would be held due to the nature of the appellate proceeding, and that he should submit any medical records or argument in writing. [ECF No. 16]. However, he filed nothing further. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. McFadden filed claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") in late 2012, alleging a disability onset date of July 10, 2010. (Tr. 204-15). His claims were denied initially and on reconsideration. (Tr. 107-14, 117-20). A hearing, at which Mr. McFadden was represented by counsel, was held on September 29, 2015,

before an Administrative Law Judge ("ALJ"). (Tr. 31-66). Following the hearing, the ALJ determined that Mr. McFadden was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-26). The Appeals Council denied Mr. McFadden's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. McFadden suffered from the severe impairments of "degenerative disc disease of the lumbar spine, hypertension, and iron deficiency anemia." (Tr. 17). Despite these impairments, the ALJ determined that Mr. McFadden retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except, the claimant could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He could never climb ladders, ropes, and scaffolds. The claimant must avoid concentrated exposure to extreme cold, extreme heat, excessive vibration, hazardous moving machinery and unprotected heights.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. McFadden could perform his past relevant work as a document preparer and that, therefore, he was not disabled. (Tr. 25-26).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). I have also considered all of the arguments raised by Mr. McFadden's prior attorney in his representative brief dated

September 25, 2015. (Tr. 290-310). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. McFadden's favor at step one and determined that he has not engaged in substantial gainful activity since his alleged onset date. (Tr. 17); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Mr. McFadden claimed prevented him from working. *See* 20 C.F.R. § 416.920(a)(4)(ii). Notably, the ALJ found Mr. McFadden's hyperlipidemia, arterial calcifications, hernia, colon polyp and diverticulitis, sinusitis, and kidney stones to be non-severe. (Tr. 18-19). However, after finding at least one of Mr. McFadden's impairments severe, *id.*, the ALJ continued with the sequential evaluation and considered, in assessing Mr. McFadden's RFC, the extent to which his impairments limited his ability to work.

At step three, the ALJ determined that Mr. McFadden's severe impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 19). In particular, the ALJ considered the specific requirements of Listing 1.04 (degenerative disc disease), 4.00 (hypertension), and 7.05 (anemia). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.04, 4.00, 7.05. The ALJ made reference to the specific criteria for each listing that Mr. McFadden did not meet or equal. (Tr. 19). During the administrative proceedings. Mr. McFadden's then-counsel argued that Mr. McFadden met the criteria of Listing 1.04, based on findings during the examinations of Drs. Weng and Nasseri. (Tr. 290-91). However, the ALJ specifically addressed those examinations and noted that, during the examination of Dr. Weng, there was "no motor loss in the arms or hands and [] no sensory loss." (Tr. 21). The ALJ also noted the lack of "imaging in the evidence of record of nerve root or spinal cord impingement to

3

support a belief that the claimant has radiculopathy." *Id.* Contrary to the assertion of Mr. McFadden's then-attorney that Dr. Nasseri's findings corroborated those of Dr. Weng, the ALJ noted that, at the examination by Dr. Nasseri, Mr. McFadden had normal range of motion in the cervical spine, full strength in his lower extremities, and an ability to ambulate without assistive devices. *Id.* Accordingly, the ALJ adequately considered the potentially applicable listings and determined that the listings were not met or equaled.

In considering Mr. McFadden's RFC, the ALJ summarized his subjective complaints from his hearing testimony. (Tr. 20). The ALJ next made an adverse credibility assessment, relying on (1) the fact that Mr. McFadden uses only over-the-counter medication to manage his pain; (2) the fact that the record reflects non-compliance with treatment; (3) the fact that Mr. McFadden has used conservative methods to treat his back pain; and (4) the fact that Mr. McFadden has made inconsistent statements about the reasons he stopped working at the Census Bureau. (Tr. 20-21). The ALJ then engaged in a detailed review of Mr. McFadden's medical records and objective testing. (Tr. 21-23). The ALJ noted that several appointments regarding back pain involved normal examinations or only mild findings on objective testing. (Tr. 21). The ALJ also addressed several lengthy gaps in treatment, without evidence that Mr. McFadden had sought no-cost treatment options during those windows. *Id.* With respect to blood pressure, the ALJ reviewed the medical records and determined that Mr. McFadden had been non-compliant in taking his medication, but had not sustained end organ damage. (Tr. 22). Finally, regarding iron deficiency anemia, the ALJ noted that, while Mr. McFadden had not been compliant in taking the prescribed dosage of iron pills on a consistent basis, his "hemoglobin and hematocrit levels are close to normal limits when taking medication." (Tr. 23).

Finally, the ALJ assessed the treatment notes and opinions from Mr. McFadden's treating physicians, Drs. Lee, Weng, and Nasseri, and the non-examining State agency medical consultants. (Tr. 23-25). The ALJ assigned only partial weight to the opinion of one State agency physician, Dr. Bancoff, who determined that Mr. McFadden could perform medium work. (Tr. 23). The ALJ concluded that Mr. McFadden's medical records reflected a higher degree of impairment. *Id.* The ALJ gave "great weight" to the opinion of the other State agency physician, Dr. Hakkarinen, who opined that Mr. McFadden would be capable of light work. (Tr. 23-24).

With respect to the treating doctors, the ALJ assigned "partial weight" to the opinion of Dr. Lee, who opined that Mr. McFadden could work, but would be limited to lifting no more than five pounds at any time. (Tr. 24). Citing the medical records, the ALJ reasoned that "the claimant is not as limited as Dr. Lee opines." *Id.* The ALJ gave "little weight" to the opinions of Drs. Weng and Nasseri. *Id.* With respect to Dr. Weng, the ALJ noted that both doctors had examined Mr. McFadden on only a single occasion, did not have the opportunity to review all of the evidence in the record, and rendered opinions inconsistent with specific record evidence. (Tr. 24-25).

Based on this evidence, the ALJ found that Mr. McFadden was able to perform the work described in his RFC. (Tr. 19). Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. McFadden's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and

given the evidence outlined above, I find the ALJ's RFC determination was supported by substantial evidence.

Next, the ALJ determined that Mr. McFadden had past relevant work as a police officer and as a Document Preparer. (Tr. 25-26). Although the ALJ concluded that Mr. McFadden would be unable to work as a police officer, he found that Mr. McFadden's RFC would allow him to perform his past relevant work as a Document Preparer, as actually and generally performed. (Tr. 26). Mr. McFadden's prior counsel argued that he should be found to meet Grid Rule 201.06, because he is only capable of sedentary work and not light work as determined by the ALJ. (Tr. 291). However, whether or not the ALJ properly found Mr. McFadden to be capable of a restricted range of light work, the ALJ relied upon the VE testimony to determine that Mr. McFadden could engage in his past relevant work as a Document Preparer, which is performed at the sedentary exertional level. (Tr. 25-26). Accordingly, the ALJ's determination that Mr. McFadden was capable of his past relevant work was supported by substantial evidence, even if the ALJ's RFC assessment had attributed an overly optimistic exertional capacity.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion for Summary Judgment, (ECF No. 13); and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: October 27, 2017 /s/
Stephanie A. Gallagher
United States Magistrate Judge